**Jo Ann MITCHELL, Plaintiff, Appellant,**

v.

**David WEAVER, Defendant, Appellee.**

**No. 86–1435.**

United States Court of Appeals, First Circuit.

Dec. 1, 1986.

Gerald F. Petruccelli with whom John D. McKay and Petruccelli, Cohen, Erler &

Cox, Portland, Me., were on brief for plaintiff, appellant.

John S. Whitman with whom Richardson, Tyler & Troubh, Portland, Me., was on brief for defendant, appellee.

Before CAMPBELL, Chief Judge, COFFIN and BREYER, Circuit Judges.

LEVIN H. CAMPBELL, Chief Judge.

This case arises from an automobile accident which occurred when defendant was driving back from Kennebunkport, Maine. At the moment of the accident, defendant's brother was in the back seat, and plaintiff was in the front seat. There was evidence that the car skidded at a place where there was sand on the road. Hours before, on their way to Kennebunkport, while defendant's brother was driving with plaintiff in the front seat (but defendant was seated in the back seat), plaintiff remarked about the amount of sand at that point of the road.

The jury returned a special verdict finding the defendant not to have been negligent, and the district court dismissed the action. The court denied plaintiff's motion for a new trial. This appeal followed.

■ Plaintiff contends that the district court erred in giving the following instruction to the jury:

Negligence, I instruct you, may not be presumed from the mere fact that an accident or injury occurs. The mere fact that an accident happens, standing alone, does not permit a jury to draw the inference that the accident was caused [by] anyone's negligence.

There must be specific proof of negligence in evidence that it proximately caused the injury in question.

Plaintiff insists that this language, especially the reference to the need for "specific proof of negligence," misled the jury into believing that only direct—rather than circumstantial—evidence would suffice to prove negligence.

We disagree that a juror here would be likely to equate "specific" with "direct." Elsewhere in the charge, the court made it clear that direct and circumstantial evidence had equal standing, and explained both kinds of evidence giving examples. We read "specific" as simply intended to emphasize the elementary point that there has to be evidence of negligence for a plaintiff to recover. We doubt the jurors would have read more into it. Appellant makes subtle arguments, based on shifting nuances in a continuum between *inferring* negligence from the circumstances of an accident and *assuming* negligence from the mere happening of an accident; but we are not of the view that the criticized language, taken together with the rest of the charge, would materially "confuse or mislead the jury" as to the proper legal standard. *Service Merchandise Co. v. Boyd Corp.*, 722 F.2d 945, 950 (1st Cir.1983).

■ We are no more persuaded by appellant's next contention, that the court committed reversible error in giving an "emergency doctrine" instruction, *i.e.*, an instruction generally to the effect that one confronted with a sudden, unexpected emergency is not held at his peril to make the wisest or best decision, but is only liable if his response is below that of a reasonably prudent man in like circumstances. Appellant asserts that it was not necessary to give this instruction because she was not asserting that defendant acted negligently once the car started skidding on the sand, but that his negligence occurred before the skid. Therefore, if there was an emergency, it was created by defendant himself, and the doctrine is inapplicable. But we are not prepared to second-guess the court's decision to give the instruction. There was considerable conflicting evidence in the case, and it is possible some jurors may have fastened on the idea that, once the car began to skid, the defendant did something wrong. All the court did was to provide the jury with a standard to be applied in reviewing defendant's actions at that point in the sequence of events. A trial court has considerable discretion in determining what matters to cover in its charge. Appellant also complains about

the wording of the charge, and suggests that such a charge should never be allowed. But we find the wording adequate and do not believe that the giving of such a charge in these circumstances violated Maine law.

 Appellant argues that in closing argument counsel for defendant led the jury to believe that plaintiff needed to introduce an expert witness to testify as to the speed of the car, and mischaracterized plaintiff's testimony.

The district court had considerable discretion in exercising supervision over counsel's remarks during the closing argument. *Emery-Waterhouse Co. v. Rhode Island Hospital Trust National Bank,* 757 F.2d 399, 410 (1st Cir.1985). Trials are adversarial processes in which things may be said which the other side regards as incorrect and sometimes offensive. The usual way these are dealt with is through rebuttal by the opposing side, although the court may and should intervene in instances of unfairness and impropriety. In its order denying the motion for a new trial, the district court in the case at bar found that defense counsel's closing argument "was not error and did not prejudicially affect the outcome of the trial." The alleged misstatement was in fact answered and rebutted during plaintiff's counsel's closing. We find no reversible error.

 Appellant contends the verdict was against the weight of the evidence. The district court supportably found this was not so and denied appellant's motion for a new trial. We find no abuse of discretion. The evidence was controverted and would have supported, as the trial judge said, a verdict either way.

We have considered appellant's other arguments and find them to be without merit.

We affirm the judgment below and the district court's denial of plaintiff's motion for a new trial.

*Affirmed.*